# EXHIBIT H

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

    v.                                                    **CASE NUMBER   1:16-CR-00154-NLH-1**

JOSHUA GAYL

    Defendant.

### JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, JOSHUA GAYL, was represented by ELLEN C. BROTMAN, ESQ.

The defendant pleaded Guilty to Count 1 of the INFORMATION on 3/23/2016.   Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 18 U.S.C. § 371 | CONSPIRACY TO OBSTRUCT JUSTICE | 9/2012 - 7/2013 | 1 |

As pronounced on July 19, 2017, the defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant must pay to the United States a special assessment of $100.00 for Count 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of any material change in economic circumstances.

Signed this 21st day of July, 2017.

_Noel L. Hillman_
Hon. Noel L. Hillman
U.S. District Judge

19444

AO 245B (Mod. D/NJ 12/06) Sheet 2 - Imprisonment

Judgment - Page 2 of 7

Defendant: JOSHUA GAYL
Case Number: 1:16-CR-00154-NLH-1

## IMPRISONMENT

Ordered that the defendant, Joshua Gayl, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 12 months and 1 day.

The Court makes the following recommendations to the Bureau of Prisons: that the Bureau of Prisons designate a facility for service of this sentence as near as possible to the defendant's home address specifically FCI Fort Dix.

The defendant shall self-surrender to the institution designated by and on a date set by the Bureau of Prisons.

### RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 3 of 7

Defendant: JOSHUA GAYL
Case Number: 1:16-CR-00154-NLH-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, you must report in person to the Probation Office in the district to which you are released.

While on supervised release, you must not commit another federal, state, or local crime, must refrain from any unlawful use of a controlled substance and must comply with the mandatory and standard conditions that have been adopted by this court as set forth below. You must submit to one drug test within 15 days of commencement of supervision and at least two tests thereafter as determined by the probation officer.

You must submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

You must cooperate in the collection of DNA as directed by the probation officer

You must comply with the following special conditions:

### ALCOHOL/DRUG TESTING AND TREATMENT

You must refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and must submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you must submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You must abide by the rules of any program and must remain in treatment until satisfactorily discharged by the Court. You must alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The U.S. Probation Office will supervise your compliance with this condition.

### MENTAL HEALTH TREATMENT

You must undergo treatment in a mental health program approved by the U.S. Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, or sex offense specific treatment as approved by the U.S. Probation Office, until discharged by the Court. The U.S. Probation Office will supervise your compliance with this condition.

### GAMBLING RESTRICTIONS/REGISTRATION ON EXCLUSION LISTS

You must refrain from all gambling activities, legal or otherwise, to include the purchase or receipt of lottery tickets and internet gambling. You must register on the self-exclusion lists maintained by the New Jersey Casino Control Commission and Racetrack Commission within 60 days of the commencement of supervision and remain on these lists for the duration of supervision. The U.S. Probation Office will supervise your compliance with this condition

Case 1:16-cr-00154-NLH   Document 11   Filed 07/21/17   Page 4 of 7 PageID: 104

AO 245B (Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Judgment - Page 4 of 7

Defendant: JOSHUA GAYL
Case Number: 1:16-CR-00154-NLH-1

Since this judgment imposes a fine, special assessment, costs, or restitution obligation, it is a condition of supervised release that you pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and must comply with the following additional special conditions:

FINANCIAL DISCLOSURE

Upon request, you must provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You must cooperate with the U.S. Probation Officer in the investigation of your financial dealings and must provide truthful monthly statements of your income. You must cooperate in the signing of any authorization to release information forms permitting the U.S. Probation Office access to your financial records.

NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You must not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

OCCUPATIONAL RESTRICTIONS

As a further special condition of supervised release, you must refrain from employment in the telemarketing and/or timeshare industries.

The Court finds that: (1) a reasonably direct relationship exists between the defendant's occupation, business or profession and the conduct relevant to the offense of conviction; (2) imposition of such a restriction is reasonably necessary to protect the public because there is reason to believe that, absent such restriction, the defendant will continue to engage in unlawful conduct similar to that for which the defendant was convicted; and (3) that the time frame and structure of the special condition is for the minimum time frame and to the minimum extent necessary to protect the public.

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Defendant: JOSHUA GAYL
Case Number: 1:16-CR-00154-NLH-1

Judgment - Page 5 of 7

## STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4) You must answer truthfully the questions asked by your probation officer.

5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have fulltime employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e.. anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

Case 1:16-cr-00154-NLH Document 17-2 Filed 07/06/20 Page 7 of 37 PageID: 272

AO 245B (Mod. D/NJ 12/06) Sheet 5 - Fine

Defendant: JOSHUA GAYL
Case Number: 1:16-CR-00154-NLH-1

Judgment - Page 7 of 7

## FINE

Ordered that the defendant shall pay a fine of $5,000.00.

This fine is due immediately.

The Court determines that the defendant does not have the ability to pay interest and therefore waives the interest requirement pursuant to 18 U.S.C. § 3612(f)(3).

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# EXHIBIT I

1

1               UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
2

3   UNITED STATES OF AMERICA,        CRIMINAL NUMBER:

4      v.                   1:16-cr-00154-NLH

5   JOSHUA GAYL,               Sentence

6       Defendant.

7

8      Mitchell H. Cohen United States Courthouse
       One John F. Gerry Plaza
9      Camden, New Jersey 08101
       Wednesday, July 19, 2017
10

11  B E F O R E:  HONORABLE NOEL L. HILLMAN
              UNITED STATES DISTRICT JUDGE
12

13  A P P E A R A N C E S:

14    WILLIAM E. FITZPATRICK, ACTING UNITED STATES ATTORNEY
     BY:  R. DAVID WALK, JR., AUSA
15

16    ELLEN BROTMAN, ESQUIRE
     Attorney for the Defendant
17

18  ALSO PRESENT:

19

20    Sharon O'Brien, U.S. Probation Office

21    Joshua Gayl, Defendant

22

23

24  Certified as true and correct as required by Title 28, U.S.C.,
   Section 753
25             /S/ Robert T. Tate, CCR, CRR

1   every good lawyer should know, is that sometimes you have to

2   tell a client no, and there is no more worthy candidate for

3   that than Adam and Ashley Lacerda.

4        There were employees of VO Group who worked there for a

5   day and walked out the door with no legal training.  I put

6   this in the context of Mr. Ulrich who was the general counsel

7   except that he wasn't.  He wasn't even a lawyer.  I put this

8   in the context of the lawyers who came in after the search

9   warrant and told the employees there was nothing to worry

10  about, they hadn't done anything wrong, so that the scheme

11  could continue.

12       And I put this in the context of that Mr. Gayl knew or

13  should have known very early that he had signed on to a

14  criminal enterprise and continued to assist it in ways that

15  made a mockery of the investigation, the investigative agency,

16  the prosecutors and this Court.  And a message should be sent

17  to other lawyers that when they sign on to the crimes of their

18  clients, there's a price to pay beyond just losing your

19  license.  It gives me no pleasure to say that and no pleasure

20  to impose a sentence that reflects it.

21       I believe that a variance is appropriate in this case

22  for, in varying degrees, all of the reasons that have been

23  proffered to this Court.  I believe that Mr. Gayl has had

24  difficulties, that part of this is explained by getting in

25  over his head and not having the capacity to deal with it in a

1  healthy way.

2      I'm convinced that he's made an effort at

3  rehabilitation.  I'm convinced he has and has the prospect of

4  being an engaged member of his community and adding value to

5  those who would benefit from his wisdom and energy.

6      I believe he has overwhelming family support and they

7  are here today and that there's a low risk of recidivism.  And

8  I believe that the collateral consequences that he and other

9  members of his family will suffer will be a strong deterrent

10  to any future criminal conduct.

11      But I also believe that this was a very serious crime,

12  that respect for the law requires a period of incarceration as

13  just punishment for the offense, to essentially deter others,

14  and to the extent there's any lingering problem with Mr.

15  Gayl's ability to deal with these situations, to deter him

16  from ever, ever coming anywhere near a criminal enterprise as

17  extensive and harmful as this one was.

18      Balancing all of these things, I have determined that a

19  sentence of 12 months and one day balances the competing

20  interests.  I would also impose a term of supervised release

21  of three years, a fine of $5,000, impose special conditions of

22  supervised release of no new debt restrictions, financial

23  disclosure, gambling restrictions, and registration on

24  exclusion lists, mental health treatment, an occupational

25  restriction on being employed in the telemarketing and

1   filing a notice of appeal, you may request the Clerk of the

2   Court to file a notice of appeal on your behalf.  You have 14

3   days to do so.

4        There is no restitution or forfeiture sought or

5   appropriate in this matter.

6        Anything else from the United States?

7       MR. WALK:  No, your Honor.

8       THE COURT:  Anything else from the defense?

9       MS. BROTMAN:  No, your Honor.

10      THE COURT:  All right.  Mr. Gayl, I know this is not

11   what you hoped for.  I know your supporters here hoped for a

12   different result.  I have tried hard to balance the many

13   blessings you have, the many good works that you've done, your

14   promise and prospect as someone within the legal profession,

15   as a contributing member of your community, against what was a

16   very serious offense supporting an effort to hurt a lot of

17   people and a crime that impacted the administration of

18   justice, something that all of us in this courtroom should be

19   concerned about.  I expected better of you.

20      The good news is I think you expected better of

21   yourself.  You're well on the way to a road to rehabilitation

22   and to return to where you should have been all along, helping

23   your family, helping your community, and helping your chosen

24   profession.  I hope that's your future.  I wish you good luck.

25      THE DEFENDANT:  Thank you.

# EXHIBIT J

Case 1:16-cr-00154-NLH    Document 172-2    Filed 07/06/20    Page 14 of 37 PageID: 279

 **U.S. DEPARTMENT OF LABOR**

**Employee Benefits Security Administration**

# Prohibited Persons

1. **Background.** There are two types of Prohibited Persons[1] investigations:

   a. Proactive investigations into people who are, or are thought to be, currently disqualified under the statute; and

   b. Responses to debarred persons who are seeking relief from the prohibitions of Section 411.

2. **Proactive Prohibited Persons Investigations.** EBSA may investigate people it believes disqualified under Section 411. The purpose of the investigation may simply be to confirm that a person is complying with the debarment or EBSA suspects a person of violating the statutory bar.

3. **Purpose.** EBSA is responsible for ensuring disqualified parties do not serve in positions or capacities prohibited under the statute. EBSA conducts proactive investigations to monitor the employment status of disqualified persons. When an initial investigation reveals that a debarred person is serving in a prohibited capacity, EBSA will seek to have the person vacate the prohibited position or role. However, if EBSA already has an open criminal investigation involving the disqualified person, the RO should first speak with the prosecutor before requesting the person to step down. EBSA may remove the person through either a civil injunction or criminal prosecution.

4. **Source of Cases.** Case identification includes reviewing available data, conviction records, referrals, media reports or other methods. Whether these initial investigations will lead to criminal investigations will depend on the circumstances of the subjects of the inquiries.

5. **Case Opening.** A Prohibited Persons[(2)] investigation is a program 47 investigation and it will examine the working status of a disqualified person. Once the investigation is open, the Investigator/Auditor should send the disqualified person an opening letter. Figure 1

6. **Conducting the Investigation**

   a. **STEP 1 – Notice of Debarment.** In an open case predicated upon a prior EBSA investigation, the first step is to determine whether there was notification to subject of his or her statutory disqualification. Acceptable methods for delivering debarment letters include:

         i. Certified mail following the sentencing hearing (EBSA preferred);

        ii. By hand directly to the person;

       iii. In a plea agreement by a prosecutor; or

        iv. A judge may include the language in the judgment.

      Check the prior case file to determine whether the subject received a debarment letter. If there is no evidence in the file confirming that the subject ever received such a letter, send the subject a new debarment letter. See Criminal Investigations section, paragraph 26, Figure 6. Place copies of the letter and proof of delivery in both the current and original case file.

      If another agency provided the Prohibited Person with a debarment letter, the RO should request a copy for its records. If EBSA is not able to obtain a copy, the RO will deliver a separate debarment letter to the defendant.

   b. **STEP 2 – Employment Status.** The next step is to confirm the subject's recent and current employment to determine whether ERISA prohibits such employment. If Investigators/Auditors are uncertain as to whether ERISA bars a particular employment or service, the Investigators/Auditors will request guidance from EBSA's Chief, Division of Criminal Investigations.

      Should an investigation reveal that a barred person is serving in a prohibited capacity, but the person was apparently unaware of his/her disqualification, the RO should deliver a debarment letter to the person, and confirm receipt. This

letter should explain the person's prohibition from working in his or her present capacity.

Because the disqualified persons may not serve in any prohibited capacity, the Investigator/Auditor should promptly notify the employer of the disqualified person's status, when appropriate. If the person consequently files for relief from debarment, then the Investigator/Auditor should follow the steps set out in Part II below.

If an investigation discovers that a person is serving in a prohibited capacity despite having been notified of his/her debarment, or simply refuses to depart from a prohibited capacity after served with a debarment letter, the RO shall seek a civil injunction or open a criminal investigation, as appropriate.

Whenever a Prohibited Persons investigation (proactive) reveals that a disqualified person was serving in a prohibited capacity, the RO should consider opening an investigation on the related plan to determine plan harm. This is particularly appropriate if a disqualified person refuses to surrender his/her prohibited position or function.

7. **Preparation of Closing Report of Investigation.** ROs will submit all ROIs under proactive investigations as closed reports modeled after Figure 2.

8. **Regional Director's Transmittal.** If a civil injunction is sought, completed ROIs will be transmitted to RSOL with a cover memorandum from the RD setting forth the steps the Investigator/Auditor completed. RO will direct a copy of the recommendation memo and the ROI, without exhibits, to OE (Chief, Division Criminal Investigations). RO should also provide copies of court filings by the Department and the plaintiff.

If the disqualified person refuses to comply with the civil injunction, or if the evidence supports the person may have engaged in criminal activity while in the prohibited role, the RO should open a criminal investigation.

9. **Requests for Relief from Debarment.** Section 411(a) of ERISA establishes the procedures for seeking an exemption from the statutory prohibitions[3].

EBSA has the authority to conduct investigations and to provide information at court hearings concerning requests for an exemption to Section 411[4]. It is the normal procedure for the SOL to represent EBSA in such matters. Requests for reduction of the length of disability should be treated the same as a request for exemption.

10. **Purpose.** When there is a request for EBSA to conduct an investigation related to a motion for relief from Section 411(a), the purpose of the investigation is to provide information to the court or parole commission, rather than to prove an ERISA violation. The investigation should seek aggravating or mitigating evidence with regard to the following three factors:

   a. The character and gravity of the disqualifying offense;

   b. The nature of the position for which the applicant is seeking an exemption; and

   c. The extent to which the applicant has rehabilitated to meet the standards of responsibility required.

11. **Source of Cases.** Cases may be initiated when information is received pertaining to a request for relief.

12. **Case Opening.** ROs will open an investigation upon receipt of a request for relief. In some instances, a case opening is unwarranted. For example, due to the minimal passage of time between a guilty plea or conviction and a request for reduction in the bar, or the shortness of time between a request and the sentencing date, the RO may not have new information to contribute. In such instances, opening a case is discretionary with the RD.

   In cases where a Prohibited Person is occupying a prohibited position, Investigator/Auditors should follow steps described under Proactive Prohibited Persons Investigations.

13. **Investigative Activity.** A Prohibited Person Request for Relief investigation requires priority handling and close coordination among the RO, OE (Chief, Division of Criminal Investigations), the SOL and the DOJ. In view of this, when the RO receives information that a request for remedial relief is being sought, an e-mail setting forth the relevant information should be directed to the appropriate PBSD Decentralized Litigation Counsel with a copy to the appropriate RSOL ERISA Counsel and OE (Chief, Division of Criminal Investigations). The e-mail should describe:

   a. The party seeking relief;

   b. The jurisdiction involved;

   c. The nature of the position for which relief is being sought;

d. The crime which caused the bar; and

e. Any other relevant information.

There will be a determination of which SOL office (national or regional) will handle the matter.

The investigation of an application before the Parole Commission focuses upon the verification of information that is required to be included in the application by regulations (Figure 3).

Investigations predicated on court filings should focus upon the three factors described in paragraph 10 above. The venue for these cases is United States district court, not the Parole Commission. Although a district court may choose to adopt certain Parole Commission procedures with respect to its determination, it is not subject to the regulations governing procedures before the Parole Commission. Further, investigations of cases filed in United States district court may have to address more than the three areas in which the Parole Commission was interested. Accordingly, the Investigator/Auditor should read the pleadings, address any issues raised, and verify any relevant factual assumptions.

14. **Preparation of Closed Report of Investigation.** ROs will submit all ROIs under request for relief investigations as closed reports modeled after Figure 4.

15. **Regional Director's Transmittal.** ROs will transmit all ROIs with a cover memorandum from the RD setting forth the RO's recommendation as to whether Department should oppose the motion (Figure 5). The RO should direct the ROI, exhibits, and recommendation memo to the appropriate SOL counsel. RO should direct a copy of the recommendation memo and the ROI, without exhibits, to OE (Chief, Division of Criminal Investigations). The referral should also include copies of court filings by the Department and the plaintiff.

Back to Top

# Figure 1
# Initial Contact Letter

# Draft
# Office Letterhead

Certified Mail No.
Return Receipt Requested

In reply, please refer to our file no. (47)

[Date]

[Subject]
[Subject's Address]

RE: Investigation pursuant to ERISA § 411

Dear [xxxx]:

The United States Department of Labor is responsible for the administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001 et seq. Investigative authority is vested in the Secretary of Labor by ERISA §§ 504 and 506(b), 29 U.S.C. §§ 1134 and 1136(b), respectively.

Under ERISA § 411, persons who have been convicted of certain enumerated crimes are debarred for a period of thirteen (13) years from serving in various capacities related to employee benefit plans. Among the crimes requiring debarment is [xx U.S.C. § xxxx], of which you were convicted in [year]. The thirteen year debarment period begins on the later of the date of conviction or the end of any imprisonment that may have resulted from the conviction. According to our records, your debarment period began on [date], which is [the date of your conviction] (or) [the date of your release from the imprisonment resulting from your conviction].

This office is conducting an investigation to determine your compliance with the bar imposed by ERISA § 411. In doing so, we hope to protect your privacy to the extent possible while fulfilling our responsibilities under the statute. Accordingly, we seek your voluntary cooperation with our inquiry. Specifically, we request that you promptly furnish the documentation listed in the attachment to this letter, and that you subsequently agree to be interviewed, possibly via telephone, regarding your employment history as it pertains to the §

411 bar. We may also request that, after you have had an opportunity to review a written summary of the information obtained in our investigation, you sign under oath a declaration that the information contained in the summary is correct.

If the information and documentation you provide is sufficient to establish your compliance with the bar, it may eliminate altogether our need to seek or to corroborate this information with third parties (e.g., employers, neighbors, etc.)

Attached to this letter is the documentation we request at this time. Please deliver these items to the undersigned within three weeks of your receipt of this letter. You may provide the documentation in paper form or electronically in PDF format.

Finally, we ask that you provide a telephone number and time of day when you would prefer that we call you, when necessary, to discuss this inquiry.

Thank you in advance for your cooperation. If you have any questions, please do not hesitate to contact me at [tel. no.] or [email address]

Sincerely,
Case Investigator

Please Provide the Following Documentation as Discussed in the Accompanying Letter (Additional documentation may be required)

1. Documents sufficient to establish your full name, date of birth, and Social Security Number

2. Documents sufficient to establish your current home address and all prior home addresses dating back to the effective date of your debarment* but no more than 3 years

3. Documents sufficient to establish the names and addresses of all current and former employers, including documents identifying all supervisors, dating back to the effective date of your debarment but no more than 3 years. Identify all periods of self-employment and unemployment. Account for all periods of time

4. Copies of all federal tax returns dating back to the effective date of your debarment but no more than 3 years

5. Copies of all Form W-2s and all employment-related Form 1099s dating back to the effective date of your debarment but no more than 3 years

6. Copies of all employment contracts and personal service contracts dating back to the effective date of your debarment but no more than 3 years

7. For each position or job held, provide the job title and a complete description of the work actually performed in the position or job. To the extent any work directly or indirectly involved any employee benefit plan, fully describe the exact nature of the work you performed with respect to the employee benefit plan

\* This date is set forth in the accompanying letter.

<u>Back to Top</u>

# Figure 2
# Report of Investigation
# U.S. Department of Labor
# Employee Benefits Security Administration

This document is the property of the Employee Benefits Security Administration. It is not to be disclosed to unauthorized persons.

File No.

Subject: (Name and Address of Prohibited Person)

Date:

By:

Investigator/Auditor

Approved by:

EIN/PN:

Status: Closed

I. **Predication** - State the reasons for case opening and conducting the investigation.

II. **Issues and Findings** - Cite the facts which show:

    a. Disqualifying Offense - Describe the offense for which the subject was convicted and consequently barred from employment in employee benefit plans under section 411 of ERISA.

    b. Notification of Disbarment - Describe any known notifications of disbarment, including proof of receipt. If the subject indicates non-receipt, describe the actions taken to officially notify the subject of debarment, including proof of receipt.

    c. Nature of Current Employment of Applicant - Include a description of any employment position. Be specific about all duties and authority for which the subject may be responsible as they relate to employee benefit plans. Provide sufficient facts showing that the employment was or was not prohibited.

    d. Actions Taken - In cases where prohibited employment is found, cite the facts showing that VC was achieved, if applicable, or that other dispositive action was taken.

III. **Other Findings** - This section can be used to present facts or any other investigative activity not previously mentioned.

[To be used at the discretion of the Regional Director]

Distribution:

National Office:

Back to Top

# Figure 3
# Part 4 – Procedure Governing Applications for Certificates of Exemption under the Labor–Management Reporting and Disclosure Act of 1959, and the Employee Retirement Income Security Act of 1974

Sec.

4.1 Definitions

4.2 Who may apply for Certificate of Exemption

4.3 Contents of application

4.4 Supporting affidavit; additional information

4.5 Character endorsements

4.6 Institution of proceedings

4.7 Notice of hearing; postponements

4.8 Hearing

4.9 Representations

4.10 Waiver of oral hearing

4.11 Appearance; testimony; cross examination

4.12 Evidence which may be excluded

4.13 Record of decision. Receipt of documents comprising record; timing and extension

4.14 Administrative law judge's recommended decision; exceptions thereto; oral argument before Commission

4.15 Certificate of Exemption

4.16 Rejection of application

4.17 Availability of decisions

Authority: Secs. 504, 606, Stat. 536, 540 (29 U.S.C. 504, 526): and Secs. 411, 507A. 88 Stat. 887, 894, (29 U.S.C. 1111, 1137).

Source: 44 FR 6890, Feb. 2, 1979, unless otherwise noted.

Cross Reference: For Organization Statement, U.S. Parole Commission, see Subpart V of Part O of this chapter.

# § 4.1 Definitions

As used in this part:

    a. Labor Act means the Labor-Management Reporting and Disclosure Act of 1959 (73 Sta. 519).

    b. Pension Act means the Employee Retirement Income Security Act of 1974 (Pub. L. 94-406)(88 Sta. 829)

    c. Act means both of the above statutes.

    d. Commission means the United States Parole Commission.

    e. Secretary means the Secretary of Labor or his designee.

    f. For proceeding under the "Labor Act"

        1. Employer means the labor organization or person engaged in an industry or activity affecting commerce, or group or association of employers dealing with any labor organization, which an applicant under Section 4.2 desires to serve in a capacity for which he is ineligible under section 504(a) of the "Labor Act".

        2. All other terms used in this part shall have the same meaning as identical or comparable terms when those terms are used in the "Labor Act".

    g. For proceedings under the "Pension Act"

        1. Employer means the employee benefit plan with which an applicant under § 4.2 desires to serve in a capacity for which he is ineligible under section 411(a) of the "Pension Act" (29 U.S.C. section 1111).

        2. All other terms used in this part shall have the same meaning as identical or comparable terms when those terms are used in the "Pension Act".

# § 4.2 Who may apply for Certificate of Exemption

Any person who has been convicted of any of the crimes enumerated in section 504(a) of the "Labor Act" whose service, present or prospective, as described in that section because of such a conviction or a prison term resulting therefrom; or any person who has been convicted of any of the crimes enumerated in section 411(a) of the "Pension Act" (29 U.S.C. section 1111) whose service, present or prospective, as described in that section is or would be prohibited by that section because of such a conviction or a prison term resulting therefrom, may apply to the Commission for a Certificate of Exemption from such a prohibition under the applicable Act.

# § 4.3 Contents of applications

A person applying for a Certificate of Exemption shall file with the Office of General Counsel, U.S. Parole Commission, 5500 Friendship Boulevard, Chevy Chase, Maryland 20815-7286, a signed application under oath, in seven copies, which shall set forth clearly and completely the following information:

a. The name and address of the applicant and any other names used by the applicant and dates of such use.

b. A statement of all convictions and imprisonments, which prohibit the applicant's service under the provisions of the applicable Act.

c. Whether any citizenship rights were revoked as a result of conviction or imprisonment and if so the name of the court and date of judgment thereof and the extent to which such rights have been restored.

d. The name and location of the employer and a description of the office or paid position, including the duties thereof, for which a Certificate of Exemption is ought.

e. A full explanation of the reasons or grounds relied upon to establish that the applicant's service in the office or employment for which a Certificate of Exemption is sought would not be contrary to the purposes of the applicable Act.

f. A statement that the applicant does not, for the purpose of the proceeding, contest the validity of any conviction.

(28 U.S.C. 509 and 510, 5 U.S.C. 301)

(44 FR 6890, Feb. 2, 1979, as amended at 46 FR 52354, Oct. 27, 1981)

# § 4.4 Supporting affidavit; additional information

a. Each application filed with the Commission must be accompanied by a signed affidavit, in 7 copies, setting forth the following concerning the personal history of the applicant:

1. Place and date of birth. If the applicant was not born in the United States, the time of first entry and port of entry, whether he/she is a citizen of the United States, and if naturalized, when, where and how he/she became naturalized and the number of his Certificate of Naturalization.

2. Extent of education, including names of schools attended.

3. History of marital and family status, including a statement as to whether any relatives by blood or marriage are currently serving in any capacity with an employee benefit plan, or labor organization, group or association of employers dealing with labor organizations or industrial labor relations group, or currently

advising or representing any employer with respect to employee organizing concerted activities or collective bargaining activities.

4. Present employment, including office or offices held with a description of the duties thereof.

5. History of employment, including military service, in chronological order.

6. Licenses held at the present or at any time in the past five years, to possess or carry firearms.

7. Veterans' Administration claims number and regional office handling claim, if any.

8. A listing (not including traffic offenses for which a fine of not more than $25 was forfeited) by date and place of all arrests, convictions for felonies, misdemeanors, or offenses and all imprisonment or jail terms resulting therefrom, together with a statement of the circumstances of each violation which led to arrest of conviction.

9. Whether applicant was ever on probation or parole, and if so the names of the courts by which convicted and the dates of conviction.

10. Names and location of all employee benefit plans, labor organizations or employer groups with which the applicant has ever been associated or employed, and all employers or employee benefit plans which he has advised or represented concerning employee organizing, concerted activities, or collective bargaining activities together with a description of the duties performed in each such employment or association.

11. A statement of applicant's net worth, including all assets held by him or in the names of others for him, the amount of each liability owed by him or by him together with any other person and the amount and source of all income during the immediately preceding five calendar years plus income to date of application.

12. Any other information that the applicant feels will assist the Commission in making its determination.

b. The Commission may require of the applicant such additional information as it deems appropriate for the proper consideration and disposition of his application.

## § 4.5 Character endorsements

Each application filed with the Commission must be accompanied by letters or other forms of statement (in three copies) from six persons addressed to the Chairman, U.S. Parole Commission, attesting to the character and reputation of the applicant. The statement as to character shall indicate the length of time the writer has known applicant, and shall describe

applicant's character traits as they relate to the position for which the exemption is sought and the duties and responsibilities thereof. The statement as to reputation shall attest to applicant's reputation in his community or in his circle of business or social acquaintances. Each letter or other form of statement shall indicate that it has been submitted in compliance with procedures under the respective Act and that applicant has informed the writer of the factual basis of his application. The persons submitting letters or other forms of statement shall not include relatives by blood or marriage, prospective employers, or persons serving in any official capacity with an employee benefit plan, labor organization, group or association of employers dealing with labor organizations or industrial labor relations groups.

## § 4.6 Institution of proceedings

All applications and supporting documents received by the Commission shall be reviewed for completeness by the Office of General Counsel of the Parole Commission and, if complete and fully in compliance with the regulations of this part, the Office of General Counsel shall accept them for filing. Applicant and/or his representative will be notified by the Office of General Counsel of any deficiency in the application and supporting documents. The amount of time allowed for deficiencies to be remedied will be specified in said notice. In the event such deficiencies are not remedied within the specified period or any extension thereof, granted after application to the Commission in writing within the specified period, the application shall be deemed to have been withdrawn and notice thereof shall be given to applicant.

## § 4.7 Notice of hearing postponements

Upon the filing of an application, the Commission shall: (a) Set the application for a hearing on a date within a reasonable time after its filing and notify the applicant of such date by certified mail; (b) Give notice, as required by the respective Act, to the appropriate State, County or Federal prosecuting officials in the jurisdiction or jurisdiction in which the applicant was convicted that an application for a Certificate of Exemption has been filed and the date for hearing thereon; and (c) Notify the Secretary that an application has been filed and the date for hearing thereon and furnish him copies of the application and all supporting documents. Any party may request a postponement of a hearing date in writing from the Office of General Counsel at any time prior to ten (10) days before the scheduled hearing. No request for postponement other than the first for any party will be considered unless a showing is made of cause entirely beyond the control of the requester. The granting of such requests will be within the discretion of the Commission. In the event of a failure to appear on

the hearing date as originally scheduled or extended, the absent party will be deemed to have waived his right to a hearing. The hearing will be conducted with the parties present participating and documentation, if any, of the absent party entered into the record.

## § 4.8 Hearing

The hearing on the application shall be held at the offices of the Commission in Washington, D.C., or elsewhere as the Commission may direct. The hearing shall be held before the Commission, before one or more Commissioners, or before one or more administrative law judges appointed as provided by section 11 of the Administrative Procedure Act (5 U.S.C. 3105) as the Commission by order shall determine. Hearings shall be conducted in accordance with sections 7 and 8 of the Administrative Procedure Act (5 U.S.C. 556, 557).

## § 4.9 Representation

The applicant may be represented before the Commission by any person who is a member in good standing of the bar of the Supreme Court of the United States or of the highest court of any State or territory of the United States or the District of Columbia and who is not under any order of any court suspending, enjoining, restraining or disbarring him from, or otherwise restricting him in, the practice of law. Whenever a person acting in a representative capacity appears in person or signs a paper in practice before the Commission, his personal appearance or signature shall constitute a representation to the Commission that under the provisions of this part and applicable law he is authorized and qualified to represent the particular person in whose behalf he acts. Further proof of a person's authority to act in a representative capacity may be required. When any applicant is represented by an attorney at law, any notice or other written communication required or permitted to be given to or by such applicant shall be given to or by such attorney. If an applicant is represented by more than one attorney, service by or upon any one of such attorneys shall be sufficient.

## § 4.10 Waiver of oral hearing

The Commission upon receipt of a statement from the Secretary that he does not object, and in the absence of any request for oral hearing from the others to whom notice has been sent pursuant to §4.7 may grant an application without receiving oral testimony with respect to it.

## § 4.11 Appearance; testimony; cross-examination

    a. The applicant shall appear and, except as otherwise provided in §4.10, shall testify at the hearing and may cross-examine witnesses.

b. The Secretary and other to whom notice has been sent pursuant to §4.7 shall be afforded an opportunity to appear and present evidence and cross-examine witnesses, at any hearing.

c. At the discretion of the Commission or presiding officer, other witnesses may testify at the hearing.

## § 4.12 Evidence which may be excluded

The Commission or officer presiding at the hearing may exclude irrelevant, untimely, immaterial or unduly repetitious evidence.

## § 4.13 Record for decision, receipt of documents comprising record; timing and extension

a. The application and all supporting documents, the transcript of the testimony and oral argument at the hearing, together with any exhibits received and other documents filed pursuant to these procedures and/or the Administrative Procedures Act shall be made parts of the record for decision.

b. At the conclusion of the hearing the presiding officer shall specify the time for submission of proposed findings of fact and conclusions of law (unless waived by the parties), transcript of the hearing and supplemental exhibits, if any. He shall set a tentative date for the recommended decision based upon the timing of these preliminary steps. Extensions of time may be requested by any party, in writing from the Parole Commission. Failure of any party to comply with the time frame as established or extended will be deemed to be a waiver on his part of his right to submit the document in question. The adjudication will proceed and the absence of said document and reasons thereof will be noted in the record.

## § 4.14 Administrative law judge's recommended decision; exceptions thereto; oral argument before Commission

Whenever the hearing is conducted by an administrative law judge, at the conclusion of the hearing he shall submit a recommended decision to the Commission, which shall include a statement of findings and conclusions as well as the reasons therefore. The applicant, the Secretary and others to whom notice has been sent pursuant to §4.7 may file with the Commission, within 10 days after having been furnished a copy of the recommended decision, exceptions thereto and reasons in support thereof. The Commission may order the taking of additional evidence and may request the applicant and others to appear before it. The Commission may invite oral argument before it on such questions as it desires.

Case 1:16-cr-00154-NLH    Document 172    Filed 07/06/20    Page 30 of 37 PageID: 295

The applicant, the Secretary and others to whom notice has been sent pursuant to §4.7 shall be served a copy of the Commission's decision and order with respect to each application. Whenever the Commission's decision is that the application

## § 4.15 Certificate of Exemption

The applicant, the Secretary and others to whom notice has been sent pursuant to §4.7 shall be served a copy of the Commission's decision and order with respect to each application. Whenever the Commission's decision is that the application be granted, the Commission shall issue a Certificate of Exemption to the applicant. The Certificate of Exemption shall extend only to the stated employment with the prospective employer named in the application.

## § 4.16 Rejection of application

No application for a Certificate of Exemption shall be accepted from any person whose application for a Certificate of Exemption has been withdrawn, deemed withdrawn due to failure to remedy deficiencies in a timely manner, or denied by the Commission within the preceding 12 months.

## § 4.17 Availability of decisions

The Commission's Decisions under both Acts are available for examination in the Office of the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815-7286. Copies will be mailed upon written request to the Office of General Counsel, U.S. Parole Commission, at the above address at a cost of ten cents per page.

(28 U.S.C. 509 and 510, 5 U.S.C. 301);(44 FR 6890, Feb. 2, 1979, as amended at 46 FR 52354, Oct. 27, 1981)

Back to Top

# Figure 4
# Report of Investigation
# Sample Format

# U.S. Department of Labor
# Employee Benefits Security Administration

This document is the property of the Employee Benefits Security Administration. Its contents are not to be disclosed to unauthorized persons.

File No.

Subject:

(Name and Address of Applicant)

Date

Name and address of Plan

By Investigator/Auditor

EIN/PN

Approved by

Status

   I. **Predication**

    State the reason for the case opening and for conducting an investigation.

   II. **Issues and Findings**

    Cite the facts, which show:

      a. **Nature of Employment Sought by Applicant**

      Include a description of the position, including the duties for which the Certificate of Exemption is sought.

      Establish the validity or lack of validity of the reasons or grounds relied on to show the applicant's employment (for which the Certificate of Exemption is sought) would not be contrary to the purpose of ERISA. Include a statement

concerning what access, if any, the applicant will have to plan funds and the degree of authority and discretion he/she will have in the position.

b. **Arrests, Convictions and Rehabilitation**

Verify applicant's statements in his/her supporting affidavit as to his/her history of arrests and convictions, which prohibit applicant's service to an employee benefit plan under Section 411 of ERISA.

Under this heading, report views of the prosecuting officials, arresting officers, and judges, regarding the application for a Certificate of Exemption and include as exhibits. Include details of any mitigating or aggravating circumstances which might have been involved with regard to the factors listed in paragraph 2 of this Chapter.

c. **Disqualifying Offense**

Describe the offense for which the subject was convicted and consequently barred from employment in employee benefit plans under section 411 of ERISA.

Discuss the subject's involvement in the offense. Include the extent of the subject's participation. Establish information such as whether the subject was an accessory or the principal perpetrator.

d. **Nature of the Employment Offered**

Describe the position for which the applicant is seeking an exemption. Be specific about the duties and authority for which the subject will be responsible as they relate to employee benefit plans.

e. **Personal Information**

Under this heading, report the results of the investigation into the accuracy of the sworn statements made by the applicant in his/her supporting affidavit and not previously mentioned in the report. This should include but not be limited to: birth date, extent of education, marriage and family status, present employment, past employment, military service, licenses issued, criminal record and probation or parole (if not previously reported in Part B above), labor organizations (with which applicant has been associated or employed), and financial background including net worth.

f. **Neighborhood Investigation**

Include statements of neighbors, landlord and superintendent (where applicable) as to applicant's status in the neighborhood and to verify applicant's residence.

g. **Credit Check**

Include reports of local credit bureaus and results of investigations at county clerk's offices regarding judgments against the applicant.

h. **Character References**

Include as exhibits interviews conducted with individuals who supported the applicant's application for exemption.

## Exhibits

All significant facts presented in the report should be supported with exhibit citations. The following procedure should be used in submitting exhibits:

1. State the name of the individual who is the subject of an Report of Interview or signed statement and the date of the interview.

2. Documents, schedules, etc., should be precisely identified.

3. Each supporting document should be a separate exhibit.

4. Multiple page exhibits should be numbered.

5. Exhibits should be identified by number.

6. All copies must be legible.

7. All plan documents (trust agreements, etc.) must be included as exhibits.

## List of Documents and Workpapers Available in Regional Office but Not Used as Exhibits

List documents, schedules, Reports of Interview, etc., in the Regional Office file that were not included as exhibits. Identify each document by the date(s) covered.

Case 1:16-cr-00154-NLH    Document 17-2    Filed 07/06/20    Page 34 of 37 PageID: 299

Back to Top

# Figure 5
# Format for Regional Director's Cover Memo for an Report Of Investion in a Prohibited Persons Case – Program 47
# U.S. Department of Labor
# Employee Benefits Security Administration

Memorandum For: SOL Counsel

From: Regional Director

XYZ Regional Office

Subject: Name, Address of Applicant

Name, Address and EIN of Plan

First paragraph – briefly state the basis for opening the case.

Second paragraph – briefly state the nature of the original conviction and any mitigating circumstances involved in sentencing.

Third paragraph – briefly state investigative results, specifically commenting on the applicant's efforts at rehabilitation.

Fourth paragraph – briefly state the recommendation of the Regional Office as to whether the Department of Labor should contest the application.

cc: File, Deputy Director for Criminal Enforcement

Back to Top

# Footnotes

1. As amended by the Comprehensive Crime Control Act of 1984, Section 411 of ERISA prohibits individuals convicted of disqualifying crimes from serving in plan-related capacities during or for a period of 13 years after such conviction or the end of imprisonment, whichever is later. The period may be shortened by:

   a. The sentencing court to not less than 3 years following such conviction or end of such imprisonment, whichever is later, or

   b. His/her citizenship rights, revoked as a result of the conviction, are restored in full, or

   c. A federal district court determined service in any of the prohibited capacities would

      i. Not be contrary to the purposes of Title I of ERISA;

      ii. In accordance with the sentencing policy at U.S.S.G Section 5J1.1; and

      iii. The convicted individual was sufficiently rehabilitated as to not endanger the organization seeks to serve.

2. Before opening a Prohibited Persons proactive investigation, the RO should determine whether the subject was convicted of a debarring crime. If the crime is not an enumerated crime, then the RO should seek assistance from OE.

3. 
   - For any disqualifying crime committed prior to November 1, 1987, a person seeking an Application for Exemption directs the request to the United States Parole Commission.

   - For a disqualifying crime committed on or after November 1, 1987, a person convicted of a disqualifying federal offense directs the Petition for Exemption to the sentencing judge. If the conviction is a disqualifying state or local offense, the person must direct the petition to the United States District Court for the district in which the disqualifying offense was committed.

   - A person seeking a Petition for Reduction of the Length of Disability for disqualifying judgments of conviction entered after October 12, 1984 directs the request to the state or federal sentencing judge. No such relief was available prior to October 12, 1984.

Case 1:16-cr-00154-NLH    Document 172    Filed 07/06/20    Page 36 of 37 PageID: 301

4. Pursuant to Section III, of the DOL/DOJ Memorandum of Understanding (MOU) related to criminal investigations (See Criminal Investigations).

5. 28 CFR Part 4

Scroll to Top ⊕

---

**Topics**    **Workers**    **Employers and Advisers**    **Resources**    **Laws and Regulations**

**About**    **Contact**    **Español**

---



**Employee Benefits Security Administration**

An agency within the U.S. Department of Labor

200 Constitution Ave NW
Washington, DC 20210
1-866-4-USA-DOL
1-866-487-2365
www.dol.gov

| **FEDERAL GOVERNMENT** ⊞ | **LABOR DEPARTMENT** ⊞ |
|---|---|
| White House | About DOL |
| Coronavirus Resources | Guidance Search |
| Severe Storm and Flood Recovery Assistance | Español |
| Disaster Recovery Assistance | Office of Inspector General |
| DisasterAssistance.gov | Subscribe to the DOL Newsletter |
| USA.gov | Read the DOL Newsletter |
| No Fear Act Data | Emergency Accountability Status Link |

U.S. Office of Special Counsel                          A to Z Index

**ABOUT THE SITE** ⊞

Freedom of Information Act

Disclaimers

Plug-Ins Used on DOL.gov

Accessibility Statement

Connect With DOL

    

Site Map  |  Important Website Notices  |  Privacy & Security Statement