UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | : | Case No. 1:16-cr-00154-NLH |
|---|---|---|
| Plaintiff, | : | |
| v. | : | MOTION FOR RELIEF FROM ERISA SECTION 411 DEBARMENT |
| JOSHUA GAYL | : | |
| Defendant. | : | Judge: Hon. Noel L. Hillman |

## JOSHUA GAYL'S AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM ERISA SECTION 411 DEBARMENT

I, Joshua Gayl, Defendant in the above-captioned action, hereby swear and affirm under penalty of perjury in support of the above-referenced motion, and to demonstrate my rehabilitation aver as follows:

1.      On March 26, 2016, I pled guilty to one count of conspiracy to commit obstruction of justice in violation of 18 U.S.C. § 371. On July 19, 2017, I was sentenced to serve one year and one day in the custody of the United States Bureau of Prisons, to pay a $5,000 fine and a $100.00 assessment.

2.      These financial penalties were paid immediately and I owe no further financial obligation resulting from my offense.[1]

3.      I self-surrendered on August 29, 2017 to the Fort Dix Satellite Camp Prison, where I proactively engaged in several rehabilitative efforts, including improving my physical health through daily exercise and diet, attending Hindu and Buddhist meditation classes, journaling, drawing, performing in the band, developing cooking skills working as a Grade 2 chef in the industrial kitchen, and drafting a Continuing Legal Education Ethics Seminar based on my experience, while continuing to be the best husband and parent I

---

[1] Receipts of payment of fine and assessment are attached hereto as Affidavit Exhibit "A".

could be and maintaining my strong network of friends. I was furloughed to home confinement on June 7, 2018 and was released from Board of Prisons custody on good behavior on July 12, 2018.

4.      My supervised release began on July 12, 2018 and was transferred from the District of New Jersey to the Eastern District of Pennsylvania, where I live and work.

5.      I am classified by the United States Probation Office at the lowest level of supervision and am in compliance with all of the terms of supervised release.

6.      I have had no further incidents or interaction with law enforcement of any kind.

7.      I reside with my wife Marsha, and my two young children Ava, 8 and James, 5 in a home that we own.

8.      I have been continuously employed since June 13, 2018 as a law clerk with the same law firm in Philadelphia where I worked from February 16, 2016 until my surrender date and continue to demonstrate work ethic and rehabilitation.[2]

9.      Since my release, I have returned to treatment with my neuropsychologist and have demonstrated objective and subjective rehabilitation in therapy and testing.[3]

---

[2] *See* Affidavit Exhibit "B", June 13, 2020 letter from John A. Lord, Esquire ("Upon his release, Josh was welcomed back to the firm and has spent the significant majority of his time working with me on the firm's most complex and valuable litigation files.); *id.*, June 14, 2020 letter from Mary Maran, Esquire ("He returned humble, deeply self-reflective, solicitous of the resource around him, and generous with his willingness to share the story of his downfall and his determination to rise.")

[3] *See* Affidavit Exhibit "C", March 17, 2020 letter from Dr. Robert Rider ("[H]e shows significant improvement since his initial evaluation in 2016 and since he resumed therapy after release from prison in 2018 in terms of mood and decision making.")

10.     I have abstained from gambling including self-excluding for a minimum term of five years from all gambling facilities in Pennsylvania and New Jersey and resumed my role as a steady influence at my weekly Gamblers' Anonymous Meetings.[4]

11.     I also continue to devote myself to civic engagement in my community, including recently receiving the honor of being nominated and elected to my synagogue's Board of Directors.[5]

12.     I have been reinstated as a practicing attorney in the State of New Jersey, having demonstrated rehabilitation sufficient to meet the high standards to practice law.[6]

13.     I was recently offered a position as Associate Director of Claim Watcher Services, at Homestead Smart Health Plans, by Bill Green, Homestead's Chief Executive Officer.

14.     Mr. Green, who is also a licensed attorney and a former Philadelphia city councilman, met with me and discussed the possibility of a full-time job offer, with me potentially working as a law clerk under his supervision and in other capacities for the company's subsidiary Claim Watcher.  Mr. Green's letter in support of this motion and the job description are attached as Affidavit Exhibit "G".

---

[4] *See* Affidavit Exhibit "D", March 17, 2020 letter from Brad S. ("Not only has Josh resumed his regular routine of attending meetings every Thursday night but he is able to share about how far he fell in this addiction and what he is doing in his daily life to recover.")

[5] *See* Affidavit Exhibit "E", June 15, 2020 letter from Michael Drossner, Esquire ("I was privileged to recently nominate Josh to a position on our Board of Directors.  While I did share the circumstances of Josh's conviction with the other members of the nominating committee and executive team, they all valued Josh's commitment to his family and our community...").

[6] *See* Affidavit Exhibit "F", April 23, 2020 Order of the Supreme Court of New Jersey; *see also* N.J. Rules of Disciplinary Enforcement 1:20-21(f), (l) and (m) (*i.e.*, the petitioner in reinstatement proceedings has the burden of proof to establish fitness to practice law by clear and convincing evidence). I am also making progress toward a reinstatement application in Pennsylvania, where I was disbarred on consent, retroactive to June 3, 2016.

15.     Prior to accepting the position, I performed due diligence relating to whether my conviction would affect my ability to accept or perform this job. As a result of this diligence, I learned of the debarment provisions of ERISA Section 411 and the need to file the instant motion.

16.     I recognized the seriousness of my offense, accepted full responsibility and dedicated myself to rehabilitation and to upholding the law.  I respectfully request an exemption to accept the job offer, so that I may fulfill my professional goals and provide financial security for my family.

Respectfully Submitted,

BY: _____

JOSHUA GAYL

SWORN TO AND SUBSCRIBED
before me this   2nd   day
of July                , 20 20

_____
NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
RUDHATH SHAH
Notary Public
PLYMOUTH TWP, MONTGOMERY COUNTY
My Commission Expires Aug 31, 2025

AFFIDAVIT EXHIBIT "A"

07/28/2017 10:40 AM PDT

**U.S. Courts**
**Case Inquiry Report**
**Case Num: DNJX116CR000154; Party Num: N/A; Payee Code: N/A**
**Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y**

Version 7.1   Page 1   of 3

| Case Number | DNJX116CR000154 | Case Title | USA V JOSHUA GAYL | | | | | |
|---|---|---|---|---|---|---|---|---|

Summary Party Information:

| Party# | Party Code | Party Name | Account Code | Debt Type | JS Account # | Total Owed | Total Collected | Total Outstanding |
|---|---|---|---|---|---|---|---|---|
| 001 | PARI2100 | JOSHUA GAYL | PCCA7552 | SPECIAL PENALTY ASSESSMENT | | 100.00 | 100.00 | 0.00 |
| 001 | PARI2100 | JOSHUA GAYL | PCCA7552 | FINE-CRIME VICTIMS FUND | | 5,000.00 | 5,000.00 | 0.00 |
| | | | | | | 5,100.00 | 5,100.00 | 0.00 |

Registry Information:

| Depository Code | Depository Name | | Account Type | Account Number | Depository Total |
|---|---|---|---|---|---|

Case 1:16-cr-00154-NLH   Document 17-3   Filed 07/06/20   Page 7 of 28 PageID: 309

# U.S. Courts
## Case Inquiry Report
Case Num: DNJX116CR000154; Party Num: N/A; Payee Code: N/A
Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

Detailed Party Information:

| Party # | Party Code | Party Name |
|---|---|---|
| 001 | PAR12100 | JOSHUA GAYL |

Debt Type
SPECIAL PENALTY ASSESSMENT

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Fund | 504100 | | | N/A |
| Owed | 100.00 | 0.00 | 0.00 | 100.00 |
| Collected | 100.00 | 0.00 | 0.00 | 100.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Apportioned | 0.00 | 0.00 | N/A | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 100.00 | 0.00 | N/A | 100.00 |

FINE-CRIME VICTIMS FUND

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Fund | 504100 | | | N/A |
| Owed | 5,000.00 | 0.00 | 0.00 | 5,000.00 |
| Collected | 5,000.00 | 0.00 | 0.00 | 5,000.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Apportioned | 0.00 | 0.00 | N/A | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 5,000.00 | 0.00 | N/A | 5,000.00 |

Totals

| | Principal | Interest | Penalty | Total |
|---|---|---|---|---|
| Owed | 5,100.00 | 0.00 | 0.00 | 5,100.00 |
| Collected | 5,100.00 | 0.00 | 0.00 | 5,100.00 |
| Outstanding | 0.00 | 0.00 | 0.00 | 0.00 |
| Apportioned | 0.00 | 0.00 | N/A | 0.00 |
| Paid | 0.00 | 0.00 | N/A | 0.00 |
| Refunded | 0.00 | 0.00 | N/A | 0.00 |
| Available | 5,100.00 | 0.00 | N/A | 5,100.00 |

07/28/2017 10:40 AM PDT

**U.S. Courts**
**Case Inquiry Report**
Case Num: DNNJX116CR0I00154; Party Num: N/A; Payee Code: N/A
Show Party Details: Y; Show Payee Details: Y; Show Transactions: Y

Transaction Information:

| Document Type/Number* Account Number | Debt Type Line# | Document Date Debt Type | Accomplished Date | Line Type | Payee Line# | Amount | Depository Line# | Party/Payee Name J/S Account Code | Doc Actn | Trans Type | Fund |
|---|---|---|---|---|---|---|---|---|---|---|---|
| CT CAM006904 DNJX116CR000154-001 | 1 | 07/20/2017 SPECIAL PENALTY ASSESSMENT | 07/20/2017 | PR | | 100.00 | | JOSHUA GAYL | O | 04 | 504100 |
| CT CAM008924 DNJX116CR000154-001 | 2 | 07/21/2017 FINE-CRIME VICTIMS FUND | 07/27/2017 | PR | | 5,000.00 | | JOSHUA GAYL | O | 04 | 504100 |

* Document Type Legend

| Document Type | Document Type Name |
|---|---|
| CT | Cash Receipt - CCA Automated |

Version 7.1    Page 3   of 3

AFFIDAVIT EXHIBIT "B"

# MyPhillyLawyer.

| | | |
|---|---|---|
| Frank Breitman | John A. Lord | Dean I. Weitzman |
| Michael C. Gallagher† | Robert S. Nix† | †NJ & PA BAR |
| Saul L. Langsam | Irena Shiloh† | |

## Silvers, Langsam & Weitzman, P.C.
### ATTORNEYS AT LAW

June 13, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Re:   <u>Joshua Gayl</u>

Dear Judge Hillman:

    This letter is to offer my support for the demonstrable rehabilitation of Josh.  Prior to his conviction, Josh worked for me as a law clerk when he first came to Silvers, Langsam & Weitzman. Without making excuses of any sort for the conduct that led to his being charged criminally, he related his entire story and accepted responsibility for what he had done and what punishment he would receive. His concerns were not for himself but for his family. Although the situation caused him great anxiety, Josh performed his duties at the firm faithfully and competently.  He was always on time and put in a full day.  When it was time for him to leave to serve his sentence, Josh told me it was the next step on his path to rehabilitation.

    Upon his release, Josh was welcomed back to the firm and has spent the significant majority of his time working with me on the firm's most complex and valuable litigation files.  While continuing to demonstrate humility and acceptance of responsibility for the situation in which he placed himself, and his family, his work has been superlative.  Josh comports himself in a completely professional and competent manner.  While he confines himself strictly to law clerk duties, it is clear that his legal knowledge is current and deep.

    Given his extensive legal experience, not only in litigation but also in compliance with his most recent in-house position prior to joining our firm, I have, in confidence, encouraged Josh to pursue other, more fulfilling professional opportunities. I was thrilled to learn of his job offer with Homestead. After he discovered the ERISA debarment provision, I was not surprised by his ethical candor and support his efforts in pursuing an exemption as permitted by the statute.  Respectfully, I believe your Honor's determination should be guided by the judgment of the Supreme Court of New Jersey, which recently reinstated Josh as a licensed attorney there, and in so doing, determined Josh to be sufficiently rehabilitated to meet the high ethical standards required to practice law.

    If there are questions or issues you wish to discuss, please call my mobile number: 484-343-7382.

Very truly yours,

John A. Lord, Esquire

*Main Office*
Two Penn Center Plaza Suite 1410
Philadelphia PA 19102

*Northeast Office*
10819 Bustleton Avenue
Philadelphia PA 19116

tel. 215 227-2727
fax 215 563-6617
www. myphillylawyer.com



OF COUNSEL TO
JACK MCMAHON

TWO PENN CENTER PLAZA
SUITE 1410
15TH ST. & JFK BOULEVARD
PHILADELPHIA, PA 19102

**MARY THERESE MARAN**
ATTORNEY AT LAW

MEMBER OF PA BAR

TEL: 215-550-9852
FAX: 215-302-7074
CELL: 215-300-4158

EMAIL:
MARYTMARAN@YAHOO.COM

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Re:   Joshua Gayl; 16-CR-00154

June 14, 2020

Dear Judge Hillman,

Please accept this letter as my endorsement of the post-conviction rehabilitation of my colleague and friend, Joshua Gayl. I have been working with Joshua in the same office setting since before his incarceration. I have had many substantive conversations with Josh. He returned humble, deeply self-reflective, solicitous of the resource around him, and generous with his willingness to share the story of his downfall and his determination to rise. In a world where there is less and less that commands respect, Josh has earned the collective respect of this suite of lawyers.

Josh and I are working on a proposal for an ethics CLE that we will present when he is awarded reinstatement as a practicing attorney. It will combine his story, my perspectives as a criminal lawyer and we are awaiting confirmation of the participation of a Temple Ethics Professor. Josh is uniquely positioned to discuss ethical violations by lawyers. His voice is possessed by the grace of humility.

I will remain available to discus this matter and can be reached most readily on my cell at 215.300.4158.

Sincerely,

Mary Maran, Esq.

AFFIDAVIT EXHIBIT "C"

## DIVERSIFIED PSYCHOLOGICAL RESOURCES, P.C.
230 South Broad St.
Suite 1005
Philadelphia, PA 19102-4105

Thomas Swirsky-Sacchetti, Ph.D., ABPP-CN
Robert L. Rider, Ph.D.

Tel: (215) 988-9911
Fax: (215) 988-9912
diversifiedpsych@gmail.com

March 17, 2020

Hillary Horton, Esquire
Office of Attorney Ethics
PO Box 963
Trenton, NJ 08625

RE:    Mr. Joshua Gayl
DOB:  1/14/1980

Dear Ms. Horton,

I am writing concerning Mr. Joshua Gayl. Mr. Gayl was seen by me for psychotherapy on a weekly basis from the Spring 2016 until his incarceration in the Fall 2017. Following his release from prison, Mr. Gayl returned to therapy, resuming in June 2018. To date, Mr. Gayl has been progressing well toward his treatment goals, which include successfully reintegrating into the community and his profession, adjusting to the changing demands of daily life, and maintaining and extending the gains he made in developing his stress management and coping skills. I recently conducted a formal assessment of Mr. Gayl's psychological functioning using the Personality Assessment Inventory and the South Oaks Gambling Screen. Based on my clinical interview with Mr. Gayl and his responses on these formal measures, he shows significant improvement since his initial evaluation in 2016 and since he resumed therapy after release from prison in 2018 in terms of mood and decision making. Mr. Gayl also continues to show a commitment to self-improvement and has been diligent about attending therapy. While he has reported continued regret for his past behavior, I have been impressed with the degree to which he aims to learn from his past mistakes. He also remains an active participant in Gamblers Anonymous meetings which have been an important source of support for his continued abstinence from gambling. Clinically, he is functioning well from both a cognitive and psychological perspective and there do not appear to be any significant psychosocial problems or mental health concerns at present. The plan is for Mr. Gayl to continue psychotherapy for mental health maintenance. Should you have any questions regarding the above, please do not hesitate to contact me. I can be reached at 215-988-9911.

Sincerely,

Robert Rider PhD

Robert L. Rider, Ph.D.
Clinical Psychologist
PA License #: PS017874

AFFIDAVIT EXHIBIT "D"

March 17, 2020

Disciplinary Review Board
PO Box 962
Trenton, NJ 08625

Re:      Joshua Gayl

Dear Sir/Madam,

I am writing this letter to you because I would like to share how great it has been to have Josh G back in our room.  As you know Josh went away for 10 plus months and his presence was greatly missed.  Before Josh went away to prison he was someone we could always count on to be in our room every Thursday nights at 7:30pm.  Like all of us who suffer from this awful addiction, he came to the room a broken and lost soul.  As time passed and certainly his 10+ months in prison, Josh came out a changed man.  Not only has Josh resumed his regular routine of attending meetings every Thursday night but he is able to share about how far he fell in this addiction and what he is doing in his daily life to recover.  That is a big part of our GA rooms and by sharing his story he is able to help others who maybe haven't hit their rock bottom yet and prevent them from going down the same path.

Josh is a positive influence and true leader in the room and many members would agree to that statement.

Rock Bottom is a word often used in the rooms to describe our lowest point during our gambling.  I believe Josh hit his rock bottom, did his time and has come out the other side a better man for it.  He has a lot to offer this GA fellowship and I count on him for his continued support in the room.

I hope my words are just a little insight into what Josh has meant to me and the fellowship.  I fully support him in his efforts for recovery and will support him on his path, including in his efforts to regain his license to practice law.

Thank You,

Brad S

AFFIDAVIT EXHIBIT "E"



**Philadelphia Office:**
1500 Walnut Street, 21st Floor
Philadelphia, PA 19102

**Montgomery County Office:**
519 Swede Street
Norristown, PA 19401

June 15, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets Room 1050
Camden, New Jersey 08101

Dear Judge Hillman:

I am proud to write this letter of support for Joshua Gayl. Of course, I know that Josh was previously convicted of obstruction of justice and incarcerated for his conduct; however, despite his conduct and the punishment that followed, he is a vital and committed member of the community, and I support his request for relief so that he can continue to seek gainful employment to support his family.

As you may remember from my letter of support at sentencing, I am a criminal defense lawyer with offices in Philadelphia and Montgomery County, Pennsylvania. In addition, I previously served as President of the Villanova Law Alumni Association, and I am currently an elected official on the Whitemarsh Township Board of Supervisors as well as President of the Whitemarsh Little League. Josh and his family live in Whitemarsh Township, but we initially met through the J. Willard O'Brien American Inn of Court at Villanova Law School, where I served on the executive committee. Josh was assigned to my team and was, by far, the hardest-working and most valuable member of our group.

Recently, I was named President of my synagogue, Beth Tikvah-B'nai Jeshurun ("BTBJ"), in Erdenheim, PA, where Josh is also a member. Josh and his family are valued members of our synagogue and they actively support various programs in the community. In addition, I was privileged to recently nominate Josh to a position on our Board of Directors. While I did share the circumstances of Josh's conviction with the other members of the nominating committee and executive team, they all valued Josh's commitment to his family and our community and understood that his mistakes of the past did not have to limit his future opportunities. We welcomed him onto the Board just a few weeks ago and I'm confident that he will have a positive impact there as well.

Respectfully yours,

*Michael Drossner*



Beth Tikvah — B'nai Jeshurun
1001 Paper Mill Road · Erdenheim, PA 19038 · (215) 233-5356

June 14, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Re:    Joshua Gayl; 16-CR-00154

Dear Judge Hillman,

I am Rabbi Saul I. Grife, spiritual leader of Congregation Beth Tikvah — Bnai Jeshurun in Erdenheim, PA. I am writing this letter of support on behalf of Mr. Josh Gayl, a member of our synagogue for the past several years. I actually have known Josh and his wife for more than a decade and his in-laws for many years before that. We all travelled to Israel several years ago. The Gayls and Stamms are devoted and active congregants.

Over the past few years, as Josh went through his criminal prosecution, incarceration, and since his release, he has come to me for spiritual guidance. His absence in his family's life while he was away was enormous. I know that Josh is truly remorseful and accepted responsibility for the actions which put him, his family and others in harm's way. I believe that he is humbled by the seriousness of his mistakes and will not repeat them.

Since Josh's return from his incarceration, I have been impressed with his efforts to rebuild his family bonds and to strengthen the connections with his community, including our congregation. Both of his children have attended our pre-school program, where Josh has volunteered as a room parent and is active in the parent support group. Josh is also an active member of the congregation's Men's Club. Josh openly communicates with me and others in our congregation about his experience and hopes for the future. He earned the trust of our community, and I was so happy for him and his family when he was recently elected to the synagogue's Board of Directors.

In light of Josh's successful reintegration, I hope the court can extend him consideration in permitting him to move forward with his life and to build his financial potential. I believe that he has achieved rehabilitation. I will be here for Josh as he continues on his path, which I believe will be successful and righteous.

Sincerely,

Rabbi Saul I. Grife

Dan Livney, PsyD
36 Viburnum Court
Lafayette Hill, PA 19444

June 14, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 081011

Re:     Joshua Gayl; 16-CR-00154

Dear Judge Hillman,

I understand that you will soon be making a decision about whether or not Mr. Joshua Gayl
should be able to accept a job offer that he would not be able to accept without your permission. I
appreciate the gravity of your decision, and would like to write some words on his behalf which I
hope you may take into account as you weigh your deliberations.

I have known Mr. Gayl for about 13 years. I have seen him through his trial and imprisonment;
and have spent time with him on many occasions since his release. What I am able to say about
Mr. Gayl from my observations is that I have never seen him speak about the consequences of his
actions with anything other than great seriousness and conviction.

Prior to his trial he made significant effort towards accepting responsibility and towards self-
improvement. During his imprisonment he was intent on making the most of his time while there,
and on making a positive impact on himself and on those around him. Since his release I have
watched him work very hard to strengthen relationships strained and put on hold by his
incarceration.

Although I cannot speak directly to his qualifications for the position, I am aware of how much
his profession means to him. If what I see as his efforts towards responsibility and improvement
in his personal life are a reflection of his attitudes towards this position, then I would venture that
the company would benefit by his employment.

In summary, Mr. Gayl is compassionate with the people around him, and I see him as considerate,
responsible and loyal. I hope that your decision takes into account the ways Mr. Gayl has changed
as a result of his punishment. And from what I know of him, I would be inclined to consider the
experience of the last few years to be ones from which he has learned actively and appropriately.

Sincerely,

Dan Livney, Psy.D.

June 14, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Dear Judge Hillman,

I would like to provide information on Josh Gayl as a friend, husband and father. I understand he is asking you to grant an exemption so that he can accept a job offer that he would otherwise be precluded from as a result of his conviction for obstruction of justice for conduct related to his work at VO Financial. With his family as his priority, please consider leniency in your review of his request because of the impact it will have on those he loves and his ability to provide for their needs.

I have known Josh for 5 years. We met within days of my family moving to our shared neighborhood. Josh went out of his way to introduce himself to me and my husband as well as introduce our young daughters to each other. Over the weeks following my move, Josh would find opportunities to engage in conversation and to allow his then 4-year-old daughter, Ava, to play with my 2 daughters (then ages 2 and 5). Josh was seeking a playmate for his daughter, but in doing so, found a neighborhood family that would support him through the difficult times ahead.

Since his return from incarceration, Josh has demonstrated his focus on his family through his actions. He orchestrates his nights and weekends to enriching his relationship with his family, often planning kid-friendly educational activities such as temple gatherings, Morris Arboretum, Please Touch Museum, or a local fair event.   Day to day, he is regularly outside playing with children, riding bikes, playing sports, and getting dirty.   Josh is an engaged father and husband.

Josh continues to demonstrate his focus on his family through his work.  He is employed full time and has developed a responsible path for financial security in the future.  He is the primary source of income for the family, despite his wife's attempt to scale her self-employed business over the last 5 years.  He is humble about his circumstance and continues to make every attempt to make ends meet while minimizing the impact to his family.  Despite these added efforts, the current circumstances do not allow for him to reach his earning potential.  Josh and his family have relied on financial assistance from family, friends, and tax-payer programs to make ends meet.  Your granting of the exemption would assist Josh in unlocking his full earning potential.

Despite full time employment and his devotion to his family, Josh recognizes the importance of his mental and emotional health.  He attends monthly therapy appointments and weekly Gamblers Anonymous meetings which have provided him accountability and a support-network

over the past several years. I know, since I am often called upon to watch his children during the sessions so he can attend, and his wife can work.

Josh shows great remorse for his prior actions at VO Financial and has proactively rehabilitated himself. He has made sincere efforts to build relationships in our community and surrounds himself with good people. Josh has established a strong support network and can count on me, as I can count on him.

Josh would like to be able to provide for his family without the assistance of those around him. Josh made errors in judgment in this situation that are not indicative of the way he leads his life. I hope you consider Josh's true character as well as his family in your review.

Regards,

Rebecca McClellan

Amy S. Wine
104 Hollyhock Drive
Lafayette Hill, PA 19444

June 14, 2020

Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

Dear Judge Hillman,

I am writing this letter on behalf of Joshua Gayl, with whom I have been friends with for over ten years. Josh and I, along with our families, have supported each other through many of life's ups and downs. From the purchasing of homes, to the births of our children, to Josh's sentencing, and now, his acclimation back to life as an active member of our community, we have seen each other through many events. I am writing more specifically to share insights about Josh since he returned home.

Josh has demonstrated a renewed commitment to living a life of honesty and integrity. He frequently expresses his desire to not only live by the law, but to support his family financially again, in an honorable manner. He often reaches out to me and other friends to ask for help and support. In return, Josh is a kind and supportive friend, listening when someone is in need of guidance, providing comfort when someone is upset, and wholeheartedly participating in praise or celebration. Josh and I have in depth conversations about the benefits of therapy, meditation, and focusing on living life in the present moment, rather than getting stuck in the traumas and decisions of the past, or the unknowns of the future. He has been open about his journey, sharing insights about his past mistakes and compulsive patterns of behavior that were harmful to himself and others. He put his recovery to real practice by declining invitations for potentially triggering activities like neighborhood poker games and fantasy football leagues, and he regularly attends meetings with Gamblers Anonymous.

Josh is an active member of our synagogue, attending services throughout the year, preschool and religious school events with his children, and adult education opportunities. He has always been a loving father; however, since returning home, he shows a renewed sense of purpose in providing for his children, both financially, but more importantly, emotionally, and his children, in spite of the challenges they faced, are flourishing.

Josh has shown genuine self-awareness in his rehabilitation, and I believe this strong protective factor will guide him in his professional life moving forward. He is ready to take on new challenges in his career. I respectfully ask that Josh's dedication and recovery be considered in the decision to approve his job opportunity.

Sincerely,

Amy S. Wine, M.S., Ed.S., NCSP

Nationally Certified School Psychologist

AFFIDAVIT EXHIBIT "F"

**SUPREME COURT OF NEW JERSEY**
**D-120 September  Term 2019**
**084339**

In the Matter of                      :

Joshua Lawrence Gayl,               :    **FILED**

                                    :    APR 23 2020

An Attorney At Law                   :    *Heather J Bake*  **O R D E R**
                                         CLERK

(Attorney No. 031552006)             :

                                    :


  This matter having been duly presented, it is ORDERED that **Joshua Lawrence Gayl** of **Philadelphia, Pennsylvania**, who was admitted to the bar of this State in 2006, and who was suspended from the practice of law for a period of three years retroactive to April 7, 2017,  by Order of this Court filed November 2, 2018, be restored to the practice of law, effective immediately.


  WITNESS, the Honorable Stuart Rabner, Chief Justice, at Trenton, this 23rd day of April, 2020.

*Heather J Bake*

**CLERK OF THE SUPREME COURT**

AFFIDAVIT EXHIBIT "G"



Honorable Noel L. Hillman
Mitchell H. Cohen Building & U.S. Courthouse
4th & Cooper Streets, Room 1050
Camden, NJ 08101

June 13, 2020

Re:     Joshua Gayl; 18-CR-00154

Dear Judge Hillman,

The purpose of this letter is to support Mr. Gayl in his efforts to obtain an exemption from the debarment of ERISA Section 411. I serve as Chief Executive Officer of Homestead Strategic Holdings, Inc. and its subsidiary Claim Watcher. We are interested in hiring Mr. Gayl to support the leadership of Claim Watcher. Mr. Gayl has the experience and intellectual ability to qualify for the position.

Attached is a job description for the position we would like to offer Mr. Gayl. The responsibilities of the position are now currently performed by non-attorneys.

We understand that the need to obtain a waiver from the sentencing Judge under ERISA Section 411 is a barrier to our offering and his acceptance of this position. We would not be considering Mr. Gayl for this position if we did not believe that he is rehabilitated and has shown remorse and contrition for his previous actions. I am confident that Mr. Gayl would be a tremendous asset to our organization.

Thank you for your consideration of this matter. I am available to address any questions at your convenience at bill.green@homesteadplans.com or 215-636-0660.


Respectfully,

William J. Green
CEO


Two Liberty Place, 50 South 16th Street, Suite 2710, Philadelphia, PA 19102


# HOMESTEAD
### SMART HEALTH PLANS

## <u>Job Description</u>

### Associate Director, Claim Watcher Services

<u>Job Overview</u>
Homestead Smart Health Plans, a full-service Health Benefits Administrator with offices in downtown Philadelphia, PA, and Lyndhurst, NJ, is currently looking for an Associate Director of our Claim Watcher program to join our team. This individual will be responsible for learning and improving the processes of the Claim Watcher program, managing staff, and negotiating provider healthcare claims and agreements with healthcare providers.

<u>Specific Job Responsibilities</u>
Specific responsibilities include:
- Learn the current processes and staffing of Claim Watcher, our auditing and repricing program.
- Recommend and implement improvements.
- Manage Claim Watcher staff.
- Manage the administrative process regarding payment to provider.
- Manage the balance bill process, liaising with third party law firms to defend members against balance bills.
- Assist in establishing provider relationships that permit members to be cared for by such providers.
- Assist members with provider bills not authorized by the applicable health benefit.
- Assist third party vendors serving our members with making provider appointments, including the member concierge service.
- Perform additional duties as assigned.

<u>Education and Experience Required</u>
- Bachelor's degree required, J.D. preferred.
- At least two years project management experience.
- At least two years supervisory experience.
- Legal knowledge of contract and healthcare law preferred.

<u>Knowledge, Skills, and Abilities</u>
- Strong project management skills.
- Excellent time management skills and ability to multi-task and prioritize work
- Strong attention to detail and problem-solving skills
- Excellent negotiation skills
- Able to work comfortably in a fast-paced environment
- Excellent interpersonal, written, and oral communication skills
- Strong proficiency in Microsoft Office software, e.g. MS Word, Excel, PowerPoint
- Ability to work effectively independently and as part of a team
- Strong work ethic required.



Homestead Smart Health Plans, is an Affirmative Action – Equal Opportunity Employer (Minorities/Females/Vets/Disabled).  Homestead Smart Health Plans provides equal opportunities to all employees and applicants for employment without regard to sex, race, color, religion, marital status, national origin, age, genetic information, sexual orientation, gender (including gender identity/expression), disability, veteran status and military status, pregnancy or pregnancy-related medical conditions, or any other factor that may be protected by law.