UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:16-cr-00154-NLH |
| Plaintiff, | : | |
| | : | MOTION FOR RELIEF FROM |
| v. | : | ERISA SECTION 411 DEBARMENT |
| JOSHUA GAYL | : | |
| | : | Judge: Hon. Noel L. Hillman |
| Defendant. | : | |

## JOSHUA GAYL'S REPLY IN SUPPORT OF MOTION FOR RELIEF FROM ERISA SECTION 411 DEBARMENT

Despite the ample evidence of Mr. Gayl's rehabilitation, including, but not limited to, his reinstatement to the practice of law by the New Jersey Supreme Court, his years of employment at a Philadelphia law firm, and the significant evidence he offered to the Court three years ago (which has been validated and amplified by all his actions since), the Government argues that it would be impossible for Mr. Gayl to prove himself trustworthy now. This argument must fail; notwithstanding the facts of his offense in 2012 and 2013, Mr. Gayl has proven himself to be qualified morally and ethically for the employment position for which he has proactively sought the Court's permission to accept. The evidence provided at sentencing, in the attachments to this motion, and at the hearing on September 22, will provide the Court with a sufficient basis to grant the motion seeking relief from the civil disability at issue here.

The Government's legal analysis of the following cases is also unpersuasive:

- The Government cites *Beardsley v. United States Dep't of Labor*, 807 F. Supp. 1192 (W.D. Pa. 1992) in support of its position that "(t)he burden to clearly demonstrate rehabilitation is difficult to meet." The *Beardsley* court

did not characterize the burden as "difficult to meet." Instead, the court found that Mr. Beardsley had not met the statute's requirement of "a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability." *Beardsley,* 807 F. Supp. at 1194. Beardsley, who was convicted of narcotics possession and had an admitted 20-year history of alcoholism, was denied a labor union exemption because he had only six months of rehabilitation treatment. In contrast, Mr. Gayl has demonstrated rehabilitation from his gambling addiction over several years, as attested to by his treating physician and his Gamblers' Anonymous fellowship.

- The Government also relies on *United States v. Cullison*, 422 F.Supp. 2d 65 (D.D.C. 2006). Cullison's demonstration of rehabilitation only included pursuing his education and caring for his autistic son, which did not demonstrate that Cullison had proven himself trustworthy in a professional capacity. *See id.* at 75. Cullison was convicted of offenses relating directly to his employment as a labor official. The court noted that Cullison had "no intervening employment to show that the petitioner is now capable of observing the 'high standards of responsibility and ethical conduct' that Congress intended to be the hallmark of individuals involved with labor organizations. *29 U.S.C. § 401 (b).* [M]ere passage of time, without something more, is (not) enough to show that the petitioner has been rehabilitated …." *Cullison*, 422 F.Supp. 2d at 73. This is entirely distinguishable from Mr. Gayl's situation.

- The Government also cites *Nass v. Local 348*, 503 F. Supp. 217, 220 (E.D.N.Y. 1980) for the proposition that Mr. Gayl's offense conduct precludes Mr. Gayl from ever obtaining exemption for employment in a prohibited capacity. *Nass* was decided solely on an unrelated issue: that the federal debarment preempted the New York State certificate of relief that was issued by the court at the time of the conviction. The court found that the petitioner supplied no evidence of post-offense rehabilitation. *Nass*, 503 F. Supp. at 219-221.

In contrast to these cases, Mr. Gayl has provided undisputable evidence of rehabilitation. He has worked in positions of trust since the commission of his offense, including two years in the Compliance and Litigation Departments as in-house counsel with AmerisourceBergen Corporation, and four years of employment at Silvers, Langsam & Weitzman, during which he was required to, and did, comply with all the Rules of Professional Conduct. Indeed, the Supreme Court of New Jersey, in reinstating Mr. Gayl,

2

found that he met a "clear and convincing standard of proof" in demonstrating his fitness to regain the privilege of his law license in New Jersey. N.J. Attorney Discipline Rules, Rule 1:20-21.[1]

Further, the Government incorrectly relies on *Cullison* for the proposition that application of the ERISA Section 411 debarment would not be unduly harsh because Mr. Gayl is qualified and eligible for employment as an attorney.  In addition to failing to present evidence of work history, the petitioner in *Cullison* also did not present any evidence that he was unemployable in any other field, thus prompting the court's statement in dicta that "there is no evidence that continuing to subject him to the statutory employment disqualification would be unfairly harsh."  *Cullison*, 422 F.Supp. 2d at 73. However, dicta in a non-binding case cannot be used to graft a requirement onto the statute that was not envisioned by Congress. There is no necessity for Mr. Gayl to prove that he is unemployable in any other field in order to qualify for the exemption requested here.

The Government also misstates the standard as based on the time that has passed since Mr. Gayl's release from prison; the plain language of the standard for exemption is a measure of "rehabilitation since commission of the offense."  In the cases cited by the Government in which an exemption was granted, *In re Kellem,* 2019 WL 263060, *3, 2019 U.S. Dist. LEXIS 9535 (an unopposed petition) and *Claudio v. United States DOL*, 137 F. Supp. 2d 405 (S.D.N.Y. 2001), the courts' determinations were based on the actions the petitioners had taken since commission of their offense, not on the amount of time that

---

[1] Mr. Gayl will be eligible to submit his reinstatement petition in Pennsylvania in June 2021: his resignation in lieu of disbarment on consent was retroactive to June 2016.

had passed since their imprisonment. In *Kellem*, the petitioner had become an upstanding citizen, dedicated to helping others in his community. The court concluded that the crimes Kellem committed were an anomaly in his life. *Kellem,* 2019 U.S. Dist. LEXIS 9535 at *9-10. In *Claudio*, the petitioner turned his life around, was a good husband, father and worker; as in this case, he and the union *proactively* sought the exemption. *Claudio*, 137 F. Supp. 2d at 411. The Government also relies on *United States v. Martin*, 2009 U.S. Dist. LEXIS 28781, 2009 WL 928631 (D. Minn. 2009). However, in *Martin*, the petitioner was denied an exemption because his crime related to his service in the labor union, members of his community and labor union interviewed by the Government did not support the petitioner's request for exemption, and the petitioner did not specify the type of position he sought with the labor union. *Martin*, 2009 U.S. Dist. LEXIS 28781, *5-10.

Here, like the petitioners in *Kellem* and *Claudio*, Mr. Gayl is an upstanding citizen dedicated to helping his community and has proven his trustworthiness in a civic and a professional capacity. Mr. Gayl has the support of both his current employer and the organization he seeks to serve. In addition, unlike the petitioner in *Martin*, all the interviews conducted by the Government here were positive and supportive of the motion. *See* Exhibits 6 through 11 of the Department of Labor's Report of Investigation; *see also* Affidavit Exhibits B-E and G.

The Government appears to have some questions about the scope of the job itself and the extent of Mr. Gayl's supervision. These facts will be clarified at the hearing through the testimony of Bill Green, Esq., the CEO of Homestead Health. Additional testimony about Mr. Gayl's trustworthiness will be provided by John Lord, an attorney who

4

has supervised Mr. Gayl at the law firm where he has worked since 2016, and by Michael Drossner, the President of Mr. Gayl's synagogue who recently nominated Mr. Gayl to the synagogue's Board of Directors.

In summary, Mr. Gayl is not seeking an exemption to aid in his rehabilitation. Since commission of the offense more than seven years ago, Mr. Gayl has proven that he presents no risk to society either personally or professionally. Mr. Gayl has vindicated this Court's belief in him when the Court stated that the criminal offense was "aberrational and not truly who he is as a person." Sentencing Tr. at 102:15-16. Mr. Gayl should be permitted an exemption to accept the job offer that will provide him with an opportunity to use his skills and education to move his young family's financial footing from precarious to secure.

Respectfully Submitted,

Dated: September 14, 2020

/s/ Ellen C. Brotman
Attorney for Defendant, Joshua Gayl
Ellen C. Brotman, Esq., PA Id. # 71775
Brotman Law
One South Broad Street, Suite 1500
Philadelphia, Pennsylvania 19107
(215) 609-3247
ebrotman@ellenbrotmanlaw.com