UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| UNITED STATES OF AMERICA | : | Case No. 1:16-cr-00154-NLH |
| Plaintiff, | : | |
| | : | MOTION FOR RELIEF FROM |
| v. | : | ERISA SECTION 411 DEBARMENT |
| | : | |
| JOSHUA GAYL | : | Judge: Hon. Noel L. Hillman |
| Defendant. | : | |

## JOSHUA GAYL'S POST-HEARING BRIEF

### Mr. Gayl has Presented Ample Evidence of Post-Offense Rehabilitation

The evidence proved that Mr. Gayl's efforts and commitment not to repeat the mistakes of his past pre-dated his sentencing and will go well beyond this hearing and his supervised release: he has matured, gained wisdom and overcome his past wrongs to reach his current place of professional respect and rehabilitation. The pre-hearing submissions and testimony demonstrate that Mr. Gayl has excelled since the commission of the offense and has earned the trust and respect of his professional colleagues with his humility, work ethic, and strict compliance with his ethical responsibilities. Defendant's Affidavit Exhibit ("Aff. Ex.") "B"; Exemption Hearing Transcript ("Tr.") 78:10-85:17, 90:2-25, 111:25-114:9; *cf., United States v. Cullison*, 422 F.Supp. 2d 65 (D.D.C. 2006) (no post-offense employment to prove professional trustworthiness).

As demonstrated by the character letters submitted in advance of the hearing and by his election to his synagogue's Board of Directors, Mr. Gayl has also earned the trust and respect of his community. Aff. Ex. "E"; Tr. 128:16-130:9. Mr. Gayl has discussed his conviction and efforts of recovery with members of his community and colleagues. Aff. Ex. "B", "D" and "E"; Tr. 74:16-78:9, 121:5-18, 144:11-145:4. Mr. Gayl proactively engaged in mental health, spiritual and physical rehabilitation, is nearly five years "sober" and is described as a "leader" in his Gamblers' Anonymous fellowship, which he testified is a lifelong commitment to help others and maintain his approach to living life one day at a time. Aff. Ex. "D"; Tr. 116:24-121:4, 122:20-123:16, 129:1-11; *cf., Beardsley v. United States Dep't of Labor*, 807 F. Supp. 1192 (W.D. Pa. 1992) (six months treatment insufficient to prove rehabilitation). Mr. Gayl testified that his rehabilitation has enabled him to not act impulsively, to see two paths, exercise due diligence, and ask for help whenever a difficult situation arises, evidenced by his proactive efforts to receive an exemption here. Tr. 120:1-11, 130:21-132:11. He has demonstrated objective and subjective rehabilitation according to his treating neuropsychologist. Aff. Ex. "C". He was readmitted to the practice of law in New Jersey, and has taken a cautious approach to refraining from practicing law in New Jersey while being physically present, as a formerly admitted attorney, in Pennsylvania. Aff. Ex. "F"; Tr. 125:14-25; *See* Pa.R.D.E. § 217(j)(4) (describing limitations on formerly-admitted attorneys).

Mr. Gayl's prospective employer, Bill Green, a lawyer himself and a former Councilman-at-Large in Philadelphia, expressed his faith in Mr. Gayl's rehabilitation, and that, based on his education and work experience, Mr. Gayl would quickly learn how to perform the responsibilities set forth in the job description. Aff. Ex. "G"; Tr. 31:2-6, 41:17-42:5, 47:4-8, 12-25, 48:1-49:6, 61:6-18, 64:13-65:20; *Cf., United States v. Martin*, 2009 U.S. Dist. LEXIS 28781, 2009 WL 928631 (D. Minn. 2009) (no job description provided). Mr. Green testified that Mr. Gayl's starting salary would be modest, approximately $70,000.00 to $80,000.00, though he was hopeful that Mr. Gayl would flourish with the company in a mutually beneficial partnership as the company continued to grow. Tr. 29:1-6, 61:6-18, 68:5-11.

Mr. Green testified that Mr. Gayl would not be required to perform any duties that would place Mr. Gayl or the company at risk. Tr. 30:13-25, 51:21-52:5, 60:12-61:2, 62:22-64:1, 6-12, 66:12-67:25. Mr. Green also testified that Mr. Gayl would not have access to ERISA funds and would not be able to manipulate data or breach company protocols . Tr. 23:6-24:24. Mr. Gayl testified that he was confident that he would learn the company's proprietary practices, and would continue to abide by the ethical rules for formerly admitted attorneys in this new position until such time as he earned reinstatement to practice law in Pennsylvania. Tr. 130:10-132:11, 137:12-139:15. Mr. Green testified that he would directly supervise Mr. Gayl and that Mr. Gayl would receive training from and work alongside experienced professionals. Tr. 50:1-17; 61:19-23, 62:8-13, 64:2-4[1].

Mr. Gayl expressed sincere appreciation for his many blessings and an eagerness to continue to give back to his community and to help others based on the lessons he has learned. Tr. 120:12-18, 121:5-18, 124:22-125:13, 133:13-20. Mr. Gayl testified that he hoped for the chance to restore his family's financial security. He spoke with humility and gratitude for the opportunity to gain financial independence and relieve the burden that he had imposed on his family. Tr. 132:12-133:12.

The offense conduct and the misconduct before this Court occurred more than seven years ago. Since then, Mr. Gayl has worked tirelessly and successfully to reestablish his standing in his family, community and profession. He is worthy of the requested exemption. *See, e.g., In re Kellem,* 2019 WL 263060, 2019 U.S. Dist. LEXIS 9535 (M.D. Fl.); *Claudio v. United States DOL*, 137 F. Supp. 2d 405 (S.D.N.Y. 2001).

**The Government's Arguments in Opposition to the Exemption are Not Persuasive**

The Government presented no witnesses, either in person, or through hearsay reports of ten to twenty-five minute interviews to negate Mr. Gayl's evidence of rehabilitation. *Cf., Martin* (union did not want exemption granted). Instead, the Government's focus was the seriousness of Mr. Gayl's offense and challenges to his

---

[1]  As to his ability to meet the demands of the job, after an appropriate training period, both Mr. Lord and Mr. Gayl testified that although he had not previously worked in a claims adjusting role, he had prior regulatory and project management experience, and understood medical providers' billing practices, diagnosis codes and reimbursement rates from his experience reviewing medical bills and lien subrogation claims on personal injury files. Tr. 93:19-95:14; 103:9-105:18, 134:20-137:11.

remorse and honesty. Mr. Gayl understands that the Government must protect the public and therefore, was obligated to test his rehabilitation; the questions at the hearing were painful reminders of Mr. Gayl's horrible judgment and the damage that he had caused as result. Mr. Gayl admitted that the offense conduct was serious, he accepted responsibility for his actions, and admitted that he made errors in judgment for conduct outside the scope of the plea, such as sitting in the voir dire panel and not leaving the company sooner. He answered the questions honestly and continued to express sincere remorse for the impact his conduct had on the victims of the underlying offense, and the impact his conduct and incarceration had on his family. *See* Tr. 151:16 - 17 ("I know what I did was illegal, I know what I did was wrong, and that I crossed the line in my efforts to provide refunds to clients in exchange for a release that removed the company from any liability. One of the things that I was specifically concerned about was the possibility of some kind of class action lawsuit. But I also did those things illegally in the context that I knew that it would be helpful to the Lacerdas to get people to admit to certain facts that I was eliciting, yes."). *See also* Tr: 147:16 – 19, 150:16 – 17.[2]

Mr. Gayl testified that not a day goes by that he does not regret his actions, and he lives his life one day at a time with gratitude, humility and the knowledge that any mistakes he makes in the future would result in severe consequences. Tr. 109:25-111:24, 122:3-19, 123:17-24, 130:10-132:11, 145:9-153:18, 154:6-20; 162:25-165:23. While on supervised release, Mr. Gayl has had no violations nor any interaction with law enforcement.

Mr. Gayl testified that he was candid with his supervisors at AmerisourceBergen about the investigation and notified them timely when he realized that he was facing serious charges. Mr. Gayl informed his supervisors about the government's investigation in August 2015, was placed on administrative leave in September 2015, and was terminated in January 2016 after informing the company that he would be accepting a guilty plea, two months before the plea hearing. Tr. 115:8-21, 158:20-159:12. Mr. Gayl has been candid with his current employer about his offense conduct and his recovery as evidenced by his colleagues at the Silvers' firm writing letters and attending sentencing, and Mr. Lord's testimony at this hearing. Tr. 74:16-78:9. Further, Mr. Green testified that Mr. Gayl referenced his conviction in his resume, noted that he had reviewed the Information and plea hearing transcript among other documents provided to him, and was aware of Mr. Gayl's efforts of addiction recovery. Tr. 29:23-30:13, 52:11-20; 64:13-65:20.

On another note that the Government raised, when Mr. Gayl submitted his New Jersey reinstatement petition on April 2, 2020, he attested that he planned to work as an attorney for the Silvers firm because he believed that to be true. Tr. 126:20-128:15, 156:2-157:3. Mr. Lord testified it was a fair statement of intent and believed Mr. Gayl would be

---

[2] The Government asked Mr. Gayl if he saw the refunds as a "win-win." Tr. 150: 16- 17. Mr. Gayl responded: "To the extent that a client wanted to get money back, yes, and to the extent that I thought it would help the Lacerdas, yes." This testimony characterized how Mr. Gayl viewed his actions contemporaneously, not retrospectively. It was not an attempt to minimize the illegality of acting with the intent to help the LaCerdas, which Mr. Gayl repeatedly admitted was wrong.

an excellent addition to the firm. Tr. 91:1-92:22. Mr. Gayl subsequently learned of the potential ethical violation for a formerly admitted attorney in Pennsylvania being physically present in Pennsylvania while working as a lawyer practicing law in another state. Tr. 125:14-25, 126:20-128:3. Mr. Gayl testified that he lives in Pennsylvania and prefers to work in Pennsylvania, and has not sought employment as a lawyer in New Jersey. Tr. 126:1-2, 159:13-160:17.[3] He took a cautious approach and refrained from practicing New Jersey law while being physically present yet still a formerly admitted attorney in Pennsylvania. Tr. 160:22-162:11.[4]

## **CONCLUSION**

Mr. Gayl was well on his way to rehabilitation at the time of his sentencing, as this Court recognized. At sentencing the Court advised Mr. Gayl to pause and reflect on his actions; Mr. Gayl testified that he has taken that advice to heart and been beneficially guided by it. Tr. 130:21-132:11. Mr. Gayl is a trustworthy and reliable person who has vindicated the faith the Court had in him at sentencing and will vindicate it again in this matter. The Court can grant this exemption in the secure belief that Mr. Gayl will never give you reason to regret it.

Mr. Gayl has rehabilitated, earned the trust and respect of his community, presents no ascertainable risk to the organization he seeks to serve, and is worthy of the Court's permission to accept this life-changing professional opportunity.

Dated: October 21, 2020

Respectfully Submitted,
 */s/ Ellen C. Brotman*
Attorney for Defendant, Joshua Gayl
Ellen C. Brotman, Esq., PA Id. # 71775
Brotman Law
One South Broad Street, Suite 1500
Philadelphia, Pennsylvania 19107
(215) 609-3247
ebrotman@ellenbrotmanlaw.com

---

[3] Mr. Gayl's qualifications as an attorney are not dispositive. His exemption is not sought on the basis that he cannot find other employment. *Cf., Cullison*, 422 F.Supp. 2d at 73.

[4] Mr. Gayl did not list the opportunity at Claim Watcher because it was too speculative. Tr. 155:12-156:1.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No. 1:16-cr-00154-NLH |
| Plaintiff, | : | |
| | : | MOTION FOR RELIEF FROM |
| v. | : | ERISA SECTION 411 DEBARMENT |
| | : | |
| JOSHUA GAYL | : | |
| | : | Judge: Hon. Noel L. Hillman |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, Ellen C. Brotman, Esquire hereby certify that service of the Defendant's Post-Hearing Brief in Support of his Motion for Relief from ERISA Section 411 Debarment and Supporting Memorandum of Law was made this date by electronic filing and/or electronic mail to the following:

Daniel A. Friedman

Assistant United States Attorneys
U.S. Attorney's Office – District of New Jersey
401 Market Street
Camden, NJ 08101

Secretary of Labor
c/o Brandon Pfister
Senior Investigator
US Department of Labor, EBSA
170 S. Independence Mall West
Philadelphia, PA 19106

Respectfully Submitted,

Dated: October 21, 2020

 /s/ Ellen C. Brotman
Attorney for Defendant, Joshua Gayl
Ellen C. Brotman, Esq., PA Id. # 71775
Brotman Law
One South Broad Street, Suite 1500
Philadelphia, Pennsylvania 19107
(215) 609-3247
ebrotman@ellenbrotmanlaw.com